IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Johnny H. Coble, Jr. and Robin Coble, both on behalf of their minor child "J.H.C.", <br><br> Plaintiffs, <br><br> v. <br><br> Lake Norman Charter School, Inc.; Rick Buckler, Board Chairman; Leslie Fogarty, Board Vice-Chairman; Jared Tilley, Treasurer and Board Member; Stephanie Painter, Secretary and Board Member; Amy Carr, Board Member; Ridgely Chapman, Board Member; Jennifer Johnson, Board Member; Greg Kilpatrick, Board Member; and Elizabeth Timkovich, Board Member, <br><br> Defendants. | Civil Action No. 3:20-cv-00596 |

## **REPLY MEMORANDUN RE MOTION TO RECONSIDER**

Defendants' Brief in Opposition to Plaintiffs' Motion to Reconsider (Doc. 34) misses the mark in several regards.

First, Defendants' Brief in Opposition construes the Plaintiffs' presentation of the case far too narrowly. While Plaintiffs have steadfastly maintained from the outset that *Lemon* does not govern this suit, Plaintiffs have repeatedly argued in the alternative that Defendants' decision to teach the *Poet X* as part of the ninth-grade language arts curriculum in a public school violates the Establishment Clause even if *Lemon* does in fact control. In fact, Plaintiffs devoted four pages of their 11-page Memorandum in Support of the Motion to Reconsider making precisely that argument. Doc. 33-1, pp. 4-7.

And second, Defendants continue to posit that the Fourth Circuit's *Wood v. Arnold* case somehow controls on the question of whether *Lemon* remains good law. That supposition simply cannot be true; as demonstrated in Plaintiffs' Memorandum in Support of the Motion to Reconsider, the parties in *Wood v. Arnold* assumed the validity of *Lemon* and presented the case exclusively under the so-called *Lemon* test. The *Wood* plaintiffs did not so much as suggest in a footnote or anywhere else that *Lemon* did not control (which is not surprising since *Wood* ran its course before the Supreme Court issued its *American Legion* opinion). Thus, neither the Fourth Circuit nor the Supreme Court was presented with any challenged to *Lemon's* continued vitality during the course of the *Wood v. Arnold* proceedings. Put simply, *Wood v. Arnold* cannot be construed as controlling precedent on a questions that was neither presented to nor ruled on by the courts during the course of those proceedings.

WHEREFORE, for the reasons stated in Plaintiffs' Motion to Reconsider and the Memorandum in Support of that Motion, Plaintiffs respectfully request that the Court enter an Order retracting its dismissal of this matter and denying Defendants' Motion to Dismiss.

This the 29th day of April, 2021.

s/Joel M. Bondurant, Jr.
Joel M. Bondurant, Jr., #29621
Bondurant Litigation
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
joel@bondurantlitigation.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that on the date specified below, I electronically filed the forgoing REPLY with the Clerk of Court using the CM/ECF System, and that said Motion shall therefore be electronically served on Defendant/Plaintiff via NEF to his counsel through the Court's system at the email address counsel has registered in that system. Counsel's information is as follows:

RODNEY E. PETTEY
N.C. State Bar No.: 17715
DAVID M. FOTHERGILL
N.C. State Bar No.: 31528
Post Office Box 2889
Raleigh, North Carolina 27602
Telephone: (919) 835-0900
Facsimile: (919) 835-0910
Email: rpettey@ymwlaw.com
dfothergill@ymwlaw.com

James Middlebrooks
6715 Fairview Road Suite C
Charlotte, NC 28210
gil@middlebrooksesq.com
*Attorney for Defendants*

      This the 29th day of April, 2021.

                                          s/Joel M. Bondurant, Jr._____
                                          Joel M. Bondurant, Jr., #29621

Page 3 of 3
3:20-cv-00596
Plaintiffs' Reply re
Motion to Reconsider re Motion to Dismiss
Case 3:20-cv-00596-MOC-DSC   Document 35   Filed 04/29/21   Page 3 of 3